PER CURIAM.
Appellant was informed against on the charge of robbery and was tried before a jury which found him guilty as charged. He was sentenced to a period of twenty-five years in the state penitentiary. At all times he was represented by the public defender. Appellant subsequently filed a motion to vacate judgment and sentence pursuant to CrPR 1.850, 33 F.S.A. The trial judge held an adversary hearing with the defendant present and represented by the public defender. At the conclusion of the hearing the motion was denied.
At the trial a codefendant and material witness, one Laures James Dozier, testified that he and the defendant, appellant here, participated in a hold-up of the Yellow House Bar in Tampa, Florida. At the hearing on the motion the same code-fendant and witness testified that he had not told the truth at the trial and that Willie Ben McCrary, appellant here, was not with him when he held up the Yellow House Bar. Instead, a boy by the name of Joe was with him. He stated that he did not know anything else about “Joe,” not even his last name, and that the reason he lied at the trial was that he was threatened by the prosecutor and that the prosecutor promised him a suspended sentence. He also said the prosecutor gave him five dollars in money to implicate the defendant.
The assistant state attorney who prosecuted this cause testified at the hearing and was cross-examined by the assistant public defender. He denied that he gave this codefendant and witness any money or made any promise regarding a suspended sentence. The assistant state attorney further stated that he knew of no evidence that might cast doubt upon Mr. Dozier’s testimony at the original trial of the cause.
At the conclusion of the hearing the trial judge properly denied the defendant’s motion made pursuant to CrPR 1.850.
The trial judge resolved the conflict in favor of the testimony at the trial rather than believing this apparently fabricated story. There is nothing in the record to convince us that defendant did not receive a fair and impartial trial, as well as a complete hearing on his motion.
For these reasons the order is affirmed.
LILES, C. J., and HOBSON and PIERCE, JJ., concur.